UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason George and Timothy Gillen, as Trustees of the Operating Engineers Local #49 Health and Welfare Fund and their successor(s); Jason George and Michael McNamara and their successors as Trustees of the Operating Engineers Local #49 Defined Contribution Plan; Joseph Shelton, and his successor(s) as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers; and Jason George and Jeffrey Carlson, and their successor(s) as Trustees of the Local #49 I.U.O.E. and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>    Plaintiffs,<br><br>vs.<br><br>James Kennedy Trucking, Inc. and Joseph L. Kennedy,<br><br>    Defendants. | Civil File No. 0:22-cv-1948<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their complaint against Defendants James Kennedy Trucking, Inc. and Joseph L. Kennedy, individually, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs Jason George and Timothy Gillen, and any subsequently appointed successor(s), are Trustees of the Operating Engineers Local #49 Health and Welfare Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management

47693299

Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

2. Plaintiffs Jason George and Michael McNamara, and any subsequently appointed successor(s), are Trustees of the Operating Engineers Local #49 Defined Contribution Plan. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

3. Plaintiff Joseph Shelton, and any subsequently appointed successor, is a fiduciary for the Central Pension Fund of the International Union of Operating Engineers and Participating Employers and empowered to bring this action. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA.

4. Plaintiffs Jason George and Jeffrey Carlson, and any subsequently appointed successor(s), are Trustees of the Local #49 I.U.O.E. and Associated General Contractors of Minnesota Apprenticeship and Training Program. The Training Program is a multi-employer, jointly-trusteed fringe benefit plan created and

maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA.

5. Plaintiffs named in this action, and any subsequently appointed successors, are fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21) for each employee benefit trust fund named in Paragraphs 1-4 herein ("the Funds").

6. Defendant James Kennedy Trucking, Inc. is a Minnesota business corporation engaged in the construction business with a registered office address of 5311 Electric Avenue, Littlefork, MN 56653.

7. At all times material to this action, upon information and belief, James Kennedy Trucking, Inc. has employed individuals in the heavy construction, gravel and bulldozing industry, has signed labor agreement(s) to obtain labor or hire employees for whom payments for fringe benefit contributions are required to the Funds, and has therefore acted indirectly or directly in relation to an employee benefit plan. Defendant James Kennedy Trucking, Inc. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

8. Defendant Joseph L. Kennedy ("Kennedy") is an individual and the President or an officer, manager, and/or owner of James Kennedy Trucking, Inc. who agreed to be personally liable to the Trustees of the Operating Engineers Local #49 Health and Welfare Fund for unpaid fringe benefit contributions. Defendant Kennedy is an individual who acted indirectly or directly in relation to an employee benefit plan

3

and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

9. This is an action by the Trustees of the Funds as fiduciaries to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement or plan under ERISA §515. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

10. Pursuant to 28 U.S.C. §1131, there is original federal question jurisdiction over Plaintiffs' claims that Defendants are liable to them for fringe benefit contributions under ERISA §1145 and federal common law.

11. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

12. Plaintiffs reallege and incorporate by reference herein, Paragraphs 1 through 11.

13. At all times material to this action, and specifically after August 6, 2020, Defendant James Kennedy Trucking, Inc. was bound to a Highway, Railroad and Heavy Construction Agreement ("CBA") executed by International Union of Operating

4

Engineers Local #49 ("Union") and the Associated General Contractors of Minnesota ("AGC"), effective May 1, 2020 through April 30, 2023 for certain construction projects located within the geographic jurisdiction of the agreement.

14. Defendant Kennedy, President of James Kennedy Trucking, Inc., also executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") individually and on behalf of Defendant James Kennedy Trucking, Inc. as an employer.

15. The Welfare Participating Agreement states that by executing the Welfare Participating Agreement, Defendant Kennedy was cognizant of the Agreement and Declaration of Trust ("Health Trust Agreement") and requested that Defendant James Kennedy Trucking, Inc.'s employees be covered by the Health Trust Agreement and agreed to pay contributions to the Health Trust Agreement in the same amount, and under the same terms and conditions, as required under the collective bargaining agreement in effect between the Union and the AGC.

16. The Welfare Participating Agreement also provides that if signed on or for a corporation, the officer or officers signing for such corporation agree to not only bind the corporation, but also that the individual officer signing will be personally for the full and faithful performance of the Welfare Participating Agreement.

17. By execution of the Welfare Participating Agreement, Defendant Kennedy agreed to be personally liable for the performance of all obligations owed to the Operating Engineers Local #49 Health and Welfare Fund required by the

Participating Agreement, the Health Trust Agreement, and the CBA for the contributions due subsequent to their signature.

18.     Defendant Kennedy also executed a Participating Agreement with the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Pension Participating Agreement") individually and on behalf of Defendant James Kennedy Trucking, Inc.

19.     The Pension Participating Agreement provides that the Defendant James Kennedy Trucking, Inc. agrees to contribute to the Central Pension Fund on the basis specified in the Pension Participating Agreement. It also provides that Defendant James Kennedy Trucking, Inc. agrees to be bound to all provisions of the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Operating Engineers and Participating Employers ("Pension Trust Agreement").

20.     Defendants have never terminated nor abrogated the ("CBA") and have not terminated the Participating Agreements.

21.     The CBA incorporates by reference the Agreements and Declaration governing each employee benefit plan for which Plaintiffs are trustees, including, but not limited to, the Welfare Trust Agreement and the Pension Trust Agreement (collectively referred to as "Trust Agreements").

22.     The CBA, Trust Agreements, and Participating Agreements require that Defendants remit employee benefit contributions to the Funds in accordance with the

6

CBA's terms to fund employees' pension, retirement, health and welfare, and educational benefits. These contributions must be made on behalf of all employees performing work covered by the CBA, in amounts set forth and agreed upon therein.

23. Pursuant to the CBA, the Trust Agreements, and the Participating Agreements, Defendants are required to complete a fringe fund report form on a monthly basis accurately identifying hours worked that month by each of their covered employees, and any additional information as required by the Trustees. All fringe fund reports and payments for employee benefit contributions must be submitted to Wilson-McShane Corporation, as the administrative agent designated by the Funds, on the 15th day of the month after the month in which covered hours are worked. For example, the fringe fund report form and payment for hours worked by Defendants' employee in March 2022 were due on April 15, 2022.

24. To date, Defendants have not submitted the fringe fund report forms and payments due for fringe benefit contributions owed for hours worked by employees during the months of March 2022 through June 2022.

25. Upon information and belief, Defendants' employees have performed covered work during the months of March, April, May and June 2022 for which hours should have been reported and benefits paid to the Funds for which Plaintiffs are trustees.

26. Each month that this action proceeds and during which Defendant does not submit a remittance report and pay contributions a new violation of the CBA will occur.

27. The CBA and Trust Agreements state that if Defendants are delinquent or late in paying fringe benefit contributions, Defendants are required to pay an additional 15% of the amount owed in contributions for liquidated damages and also interest on the unpaid contributions.

28. The CBA and Trust Agreements also state that if Defendants have been delinquent in remitting fringe benefit contributions Defendants are required to pay all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting the owed benefits.

### COUNT I
### FAILURE TO REMIT REPORTS AND CONTRIBUTIONS

29. Plaintiffs reallege and incorporate by reference herein, Paragraphs 1 through 27.

30. Defendants have breached their obligations under the CBA, Trust Agreements, and Participating Agreements by failing to submit the monthly fringe fund remittance reports due to the Funds accurately reporting and paying for all hours worked by covered employees for the months of March 2022 to the present.

31. Defendants have breached 29 U.S.C. §1145 by failing to comply with their obligations to report and pay covered hours under the CBA and Trust

8

Agreements each month by failing to submit fringe fund reports accurately disclosing hours worked by covered employees for March 2022 forward (and ongoing each month during the pendency of this action).

32. Pursuant to ERISA §515 and §502(a)(2), Defendants are liable for all fringe benefit contributions owed for hours worked by covered employees between March 2022 through the present and continuing through resolution of this matter.

33. Upon information and belief, Defendants employed individuals performing work covered by the jurisdiction of the CBA during the period of March 2022 to the present and will continue to employ such individuals.

34. Every month, until this matter is resolved either through dismissal or judgment, the Defendants will be obligated to remit a fringe fund report form as described above and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendants will be delinquent for each such month. For example, the report and payment due for hours worked during July 2022 are due on August 15, 2022.

35. Defendants are liable for all contributions which become due and owing during the pendency of this action.

36. Without an order requiring Defendants to comply with the CBA's requirement to submit fringe benefit contribution reports, Plaintiffs will be without an

9

adequate remedy at law to enforce the obligations under ERISA §515 and the labor contract.

37. Defendants should be enjoined from further refusal and failure to comply with their monthly reporting obligations.

38. Defendants are liable for any and all fringe benefit contributions, liquidated damages, and interest due and owing as a result of hours worked between March 2022 and the present which have not been reported and paid to the Funds.

39. Defendants are liable for all liquidated damages, interest, costs and attorney's fees pursuant to ERISA §502(a)(1), §515 and §502(g); 29 U.S.C. §1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court, joint and several, against Defendants James Kennedy Trucking, Inc., and Joseph L. Kennedy, individually, as follows:

1. For an order requiring Defendants to immediately submit the fringe benefit fund reports for March 2022 to the present, and remit payment for the fringe benefit contributions due per the hours disclosed, plus all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its covered employees, and to further enjoin Defendants from failing to timely submit reports and contributions. The fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive,

Suite 500, Bloomington, MN, 55425, as the administrative agent designated by the Plaintiffs' Trustees.

2. A judgment for amounts to be proven by motion or at trial for any and all delinquent fringe benefit contributions shown or revealed to be owing pursuant to the reports submitted for the period of March 2022 through the present, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages under ERISA §502(a)(g) and the CBA.

3. For an order finding that Defendant Joseph L. Kennedy is personally liable for any and all fringe benefit contributions, liquidated damages, and interest found to be due and unpaid or owing to the Health Fund for the period of March 2022 to the present in accordance with the CBA and Participating Agreement he executed.

4. An award of interest, liquidated damages and any other penalties available under ERISA §502(g).

5. For an award of costs, disbursements and attorney fees according to law or pursuant to the Funds' Trust Agreements.

6. For such other and future relief as the Court deems proper.

,

11

Respectfully submitted,

                REINHART BOERNER VAN DEUREN S.C.

Dated: August 3, 2022.          By: ___*s/ Amanda R. Cefalu*___
                                           Amanda. R. Cefalu (#0309436)
                                80 South Eighth Street, Suite 900
                                Minneapolis, MN 55402
                                Telephone: (612) 225-4030
                                Facsimile:   (414) 298-8097
                                Email: acefalu@reinhartlaw.com

                                *Attorneys for Plaintiffs*

47693299